IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHANDLER KYLE VENTRESS | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-170 |
| SHERIFF, JEFFERSON COUNTY, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

  Plaintiff, Chandler Kyle Ventress, an inmate confined at the Connally Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sheriff, Jefferson County and the Jefferson County District Attorney.

  The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

  Plaintiff filed the above-referenced complaint on May 1, 2023 (doc. # 1). Plaintiff filed what appeared to be a civil rights action against the defendants. For relief, however, Plaintiff requested that his criminal conviction be dismissed and that he be released from custody. Plaintiff also failed to pay the filing fee and/or submit an application to proceed *in forma pauperis*. As it appeared Plaintiff is attempting to contest his conviction, the undersigned ordered the Clerk of Court to mail Plaintiff a copy of the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* for prisoners on May 4, 2023 (doc. # 3). The order gave Plaintiff 30 days from receipt to re-file the complaint as a habeas petition if it was Petitioner's intent to challenge his conviction. The order also gave Plaintiff 30 days to file an application to proceed *in forma pauperis* accompanied with a certified income trust statement for the preceding six month period. *Id.* More than ample time has passed, yet the court has received no further communication

from Plaintiff. Plaintiff has failed to comply with this court's order.

### Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). In the present case, Plaintiff has failed to comply with this court's order entered May 4, 2023 (doc. # 3). Plaintiff has failed to diligently prosecute his case.

### Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE